UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSHUA D. WASSERMAN and ASHLEY WASSERMAN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 12-cv-9995 ) |
| HANNAH C. KOBIT and ROSS MEADE, | ) Judge John W. Darrah ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Joshua Wasserman ("Joshua") and Ashley Wasserman ("Ashley") filed suit against Defendants Hannah Kobit and Ross Meade on December 17, 2012, and filed an Amended Complaint on December 28, 2012. In the Amended Complaint, Joshua asserts a claim of negligence, and Ashley asserts a claim of loss of consortium. Now, Defendants move to dismiss the case on the basis of *forum non conveniens*. Defendants also filed a motion to determine the applicable substantive law of the case. These motions have been fully briefed. For the reasons provided below, the substantive law to be applied is German law; and Defendants' Motion to Dismiss is granted on the basis of *forum non conveniens*.

### BACKGROUND

The following facts are drawn from the Amended Complaint. Plaintiffs are individuals and citizens of the State of Kansas. (Am. Compl. ¶¶ 1-2.) Kobit is a citizen of the State of Illinois, and Meade is a citizen of the State of Maryland. (Am. Compl. ¶¶ 3-4.) Accordingly, there is diversity of citizenship, and the amount of controversy exceeds $75,000.00; jurisdiction is proper pursuant to 28 U.S.C. § 1332.

On January 11, 2011, Joshua Wasserman was a passenger in a motor vehicle owned by Meade and being driven by Kobit. (*Id.* ¶ 7.) Kobit was an agent of Meade, the owner of the vehicle. (*Id.* ¶ 8.) Meade was sitting in the front passenger seat of the vehicle, and Nicholas Donovan, who is not a party here, was also a passenger in the vehicle.[1] (Pls.' Resp. to Choice of Law Mot. at 1.) Plaintiffs allege Kobit was negligent in operating the vehicle and that as a result of her negligence, Kobit lost control of the vehicle while attempting to exit at the intersection of B19 and B303 in Geldersheim, Germany, causing the vehicle to go off the road into a ditch, through a culvert, over a yield sign, out of the ditch, and through two medians. (Am. Compl. ¶¶ 9-10.) As a result of this car wreck, Joshua has suffered severe, permanent disabling injuries. (*Id.* ¶ 11.) Joshua suffered spine and rib fractures, multiple spinal injuries, loss of consciousness, traumatic brain injury, post-concussion syndrome, balance problems, and dizziness. (*Id.* ¶ 12.)

At the time Joshua was injured, he was a member of the Military Police in the United States Army; thereafter, he was deemed physically unfit for duty and is being medically discharged from the Army. (*Id.* ¶¶ 13-14.) Joshua asserts that as a result of Kobit's negligence, he and his wife, Ashley, will suffer medical charges, loss of income and benefits, pain, suffering, and disability, among other damages. (*Id.* ¶ 15.) Ashley also brings this action for loss of consortium. (*Id.* ¶ 19.)

Now, Defendants assert that German substantive law applies to this case, and moreover, move for dismissal under the doctrine of *forum non conveniens*.

---

[1] Fed. R. Civ. P. 44.1 provides that "[a] party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing. In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence. The court's determination must be treated as a ruling on a question of law." Accordingly, additional information provided by the parties beyond the pleadings may be considered.

# LEGAL STANDARD

*Choice-of-Law*

A federal court sitting in diversity applies the forum state's choice-of-law rules to determine the applicable substantive law. *Federal Ins. Co. v. J.K. Mfg. Co.*, 933 F.Supp.2d 1065, 1070 (N.D.Ill. 2013). "Courts do not worry about conflict of laws unless the parties disagree on which state's law applies." *Auto-Owners Ins. Co. v. Websolv Computing, Inc.*, 580 F.3d 543, 547 (7th Cir. 2009) (quoting *Wood v. Mid-Valley Inc.*, 942 F.2d 425, 427 (7th Cir.1991)).

Accordingly, Illinois's choice-of-law principles govern this case. *Tanner v. Jupiter Realty Corp.*, 433 F.3d 913, 915 (7th Cir. 2006). Illinois courts "apply the 'most significant contacts' test from the *Restatement (Second) of Conflict of Laws,* which involves balancing a number of factors, including the place where the injury occurred; the place where the conduct causing the injury occurred; the domicile or place of business of each party; and the place where the relationship between the parties is centered." *Ennenga v. Starns*, 677 F.3d 766, 774 (7th Cir. 2012). The most significant contacts test "usually guides Illinois courts to apply the law of the place of injury . . . . when deciding tort cases." *Olivares v. Charan Motel, Inc.*, 28 Fed. App'x 542, 544 (7th Cir. 2002) (citing *Vickrey v. Caterpillar Tractor Co.*, 497 N.E.2d 814, 816 (Ill. App. Ct. 1986)).

*Forum Non Conveniens*

"The common law doctrine of *forum non conveniens* allows a trial court to dismiss a suit over which it would normally have jurisdiction if it best serves the convenience of the parties and the ends of justice." *In re Bridgestone/Firestone, Inc.,* 420 F.3d 702, 703 (7th Cir. 2005) (internal quotation marks omitted). In determining if a dismissal under the doctrine of *forum*

*non conveniens* is appropriate, the court is directed to consider the private interests of the parties and the public interests of the alternative fora. *Stroitelstvo Bulgaria Ltd. v. Bulgarian-American Enterprise Fund*, 589 F.3d 417, 424 (7th Cir. 2009) (citing *Kamel v. Hill-Rom Co., Inc.*, 108 F.3d 799, 803 (7th Cir. 1997)). The United States Supreme Court identified these factors in the *Gulf Oil* case, and they are as follows:

> The private interest factors that a court may consider include 'the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.' The enforceability of the judgment, if one is obtained, is also a private interest factor.
>
> The public interest factors include the administrative difficulties stemming from court congestion; the local interest in having localized disputes decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of laws or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Clerides v. Boeing Co.*, 534 F.3d 623, 628 (7th Cir. 2008) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-509 (1947)). Where a district court "has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981) (citations omitted).

## ANALYSIS

*Choice-of-Law Analysis*

"The first step in the choice-of-law inquiry is to determine whether there is an actual conflict between the laws of the relevant jurisdictions." *Thornton v. Hamilton Sundstrand Corp.*, Case No. 12 C 329, 2013 WL 4011008, at *3 (N.D. Ill. Aug. 6, 2013). A-choice-of law

determination is required only where the laws of the relevant jurisdictions conflict and the difference in the laws would impact the outcome of the case. *Intercon Solutions, Inc. v. Basel Action Network*, Case No. 12 C 6814, 2013 WL 4552782, at *4 (N.D. Ill. Aug. 28, 2013). Thus, it must first be determined whether a conflict exists between the law of Illinois and Germany that would impact the outcome of this action.

Plaintiffs assert Illinois law is applicable, while Defendants contend the law of Germany applies. Plaintiffs contend that the laws of Illinois and Germany are "essentially the same on the disputed issues; namely, liability and the extent of recoverable damages." (Pls.' Resp. to Choice of Law Mot. at 6.) Defendants disagree, and identify multiple conflicts between Illinois and German law that would impact the outcome of this case. In particular, Defendants assert Germany is a permissive "direct action" jurisdiction, that is, an action directly against the insurer is permitted. (Defs.' Mem. in Support of Choice of Law Mot. at 4.) Conversely, "[i]n Illinois, direct actions against insurance companies are against public policy." *Zegar v. Sears Roebuck and Co.*, 570 N.E.2d 1176, 1177 (Ill. App. Ct. 1991). Additionally, Defendants assert that under German law, simply being the owner of a vehicle is enough to establish liability to an injured party, whereas in Illinois, "an owner is not liable for the acts of a driver unless agency or negligent entrustment is established." *Coats v. Hertz Corp.*, 695 N.E.2d 76, 77 (Ill. App. Ct. 1998) (internal quotation omitted). Therefore, Meade could be liable in Germany without any showing of negligence or agency on his part. Defendants identify differences between the Illinois and German treatment of damages, including the recovery of attorneys' fees, that disability and disfigurement are not separate elements of recoverable damages under German law, and that Germany does not recognize a claim for loss of consortium. (Defs.' Mem. in Support of Choice of Law Mot. at 5-6.)

While Plaintiffs contend that German and Illinois law would treat these issues in the same manner, for the reasons stated above, it is apparent that a conflict between the two jurisdictions exists. Having determined that a conflict of law exists, a choice-of-law analysis is necessary, and, as provided above, Illinois's most significant contacts test is applicable. Defendants assert that German law applies in this action, in light of the fact that the accident and injury occurred in Germany, as well as the conduct causing the injury. Plaintiffs contend, however, that Illinois has a more significant relationship to this case and that, therefore, Illinois law should govern. (Pls.' Resp. to Choice of Law Mot. at 5.)

In personal injury actions, a court begins with a strong presumption that the law of where the injury occurred will govern, though that presumption may be overcome by showing that another jurisdiction has a *more* significant relationship to the action. *See Fisher v. Brilliant World International*, Case No. 10 C 2381, 2011 WL 3471222, at *1 (N.D. Ill. 2011). Here, every factor of the significant relationship test weighs in favor of Germany. The car crash and resulting injuries occurred in Germany, as did the purported conduct which caused the injuries. The relationship between the parties is centered in Germany, where Kobit, Meade, and Joshua were stationed as active-duty U.S. Army soldiers. With respect to the domicile of the parties, Plaintiffs are citizens of Kansas, though Joshua is temporarily residing in Illinois at present. Meade is domiciled in Maryland, or perhaps Texas; and Kobit is domiciled in Illinois, though is on active duty with the U.S. Army through 2016, and is scheduled to be in Kuwait through at least July 2014.

Despite the fact that the connection to Illinois is weak, Plaintiffs argue that the bulk of Plaintiffs' injuries occurred in the United States and not in Germany. Certainly, all of the physical injuries at issue were incurred by Joshua in Germany. Beyond that, Plaintiffs argue

6

Joshua's pain, suffering, and disability going forward occurred, and continue to occur, in the United States (though not primarily in Illinois). However, the actions that occurred which may result in Defendants' liability transpired in Germany, and those are the actions that purportedly caused Plaintiffs' injuries.

By Plaintiffs' theory, the place where the injury occurred would be wherever the injured individual(s) felt the effects of the injury. Such a theory could easily result in forum shopping. "Under the 'most significant relationship' test, which demoted *lex loci delicti* [law of the place where the tort was committed] to a presumption, a party can argue for applying the law of the state in which the greatest costs of the injury were incurred. But normally the argument should fail because of the encouragement that accepting it would give to forum shopping." *Robinson v. NcNeil Consumer Healthcare*, 615 F.3d 861, 866 (7th Cir. 2010) (further noting "A person who was severely handicapped for life as a result of a tort could choose among 50 states' tort laws. Concern with forum shopping animates the parallel rule that makes venue proper in the jurisdiction in which the plaintiff's claim accrues, which is usually the initial place of the injury."). Applying the Seventh Circuit's rationale, Plaintiffs are foreclosed from asserting that the injury occurred wherever they happen to reside with respect to choice-of-law determinations.

For the reasons stated above, under the most significant contacts test, German law is applicable to this case, and Defendants' Motion [30] is granted.

*Forum Non Conveniens*

Next, a determination is necessary regarding Defendants' Motion to Dismiss on the basis of *forum non conveniens*, and the following factors are to be considered: (1) availability of an adequate alternative forum; (2) appropriate deference to the plaintiff's choice of forum;

(3) "public interest" factors; and (4) "private interest" factors. *Kamel*, 108 F.3d at 802-805. Each factor is considered in turn.

## Adequate Alternative Forum

Deciding if an alternative forum exists requires a two-part inquiry – availability and adequacy. *In re Bridgestone/Firestone, Inc.*, 420 F.3d 702, 704 (7th Cir. 2005). "A forum is available if all parties are amenable to process and are within the forum's jurisdiction. A forum is adequate if the parties will not be deprived of all remedies or treated unfairly." *Id.* (internal quotation marks omitted). The parties agree that the German court is "available" to all parties. (Defs.' Mot at 4; Pls.' Mot. at 6.) Further, Plaintiffs will not be "deprived of all remedies" in a German court, though some of the remedies available may differ. Plaintiffs contend that some of their witnesses may not be available to appear in Germany, but that is not a factor to be considered under the adequate alternative forum question. Seeing that a German court is both available and adequate for the parties here, it is clear that an adequate alternative forum exists in Germany.

## Appropriate Deference to Plaintiffs' Choice of Forum

A plaintiff's choice of forum is given substantial weight when it is the plaintiff's home forum. *First Nat. Bank v. El Camino Resources, Ltd.*, 447 F. Supp. 2d 902, 912 (N.D. Ill. 2006) (citation omitted). However, "where the plaintiff's choice of forum is not the site of material events, plaintiff's choice of forum is entitled less deference." *First Nat. Bank*, 447 F. Supp. 2d at 912 (quotation omitted). Here, Plaintiffs' choice of forum, Illinois, is *not* their home forum, though Joshua indicates he may reside in Illinois temporarily. Significantly, as discussed above, the situs of the material events was not in Illinois, and nothing relating to the material events of the action occurred in Illinois. The only clear connection to Illinois is that Kobit is a citizen of

8

Illinois, though, at present she is deployed abroad for the U.S. Army. For those reasons, Plaintiffs' choice of forum is entitled to little deference.

Private Interest Factors

Next, the private interest factors must be considered, which include "(1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the parties; and (5) the convenience of the witnesses." *Morton Grove Pharmaceuticals, Inc. v. National Pediculosis Association, Inc.*, 525 F. Supp. 2d 1039, 1044 (N.D. Ill. 2007). As discussed above, Plaintiffs' choice of forum deserves little deference, and the situs of material events weighs heavily in favor of a German forum.

With respect to the relative ease of access to sources of proof, Plaintiffs represent that much of the documentary evidence has already been exchanged between the parties. Defendants assert that some documentary evidence remains outstanding; however, in the age of electronic discovery, this information can easily be exchanged with little regard to a particular forum court. This is a neutral factor.

The next factor, the convenience of the parties, weighs in favor of Illinois. While Joshua asserts he is living temporarily with his brother in Chicago, Illinois, his state of residency, as well as the state of residency of Ashley, continues to be Kansas. Kobit is in Kuwait from October 2013 through at least July 2014, though her state of residency is Illinois. Meade is scheduled to remain stationed at Fort Meade, Maryland, until approximately November 2014. Between Illinois and Germany, it would be easier and cost less for the parties to attend trial in the United States, rather than Germany, though perhaps not any more convenient than other jurisdictions within the United States.

The final private interest factor, the convenience of the witnesses, does not weigh heavily in favor of either location. Many of the witnesses are in Germany, including the medical personnel and the first responders to the accident in Germany. Some of the non-party witnesses, including Donovan, the other passenger in the vehicle, are outside this Court's subpoena power pursuant to Fed. R. Civ. P. 45, though they likely are outside the German court's subpoena power as well. Many of Joshua's medical care providers in Kansas would find travel to Germany inconvenient if they were to testify. This factor does not weigh in favor of either forum.

Public Interest Factors

Finally, it is necessary to weigh the competing public interest factors. With no means by which to compare the relative congestion of the German courts compared to this Court, this factor is not dispositive. The second public interest factor, the local interest in having a dispute resolved here, weighs in favor of Germany, where the accident occurred, as opposed to Illinois, which beyond being Korbit's home state, has attenuated connection to the action. Additionally, because of the limited connection of the case to Illinois, there would be some unfairness in burdening citizens of the Northern District of Illinois with jury duty on this case. Certainly, the fact that German law is, as discussed above, applicable to this case would weigh heavily in favor of German courts applying their own law. Accordingly, the public interest factors weigh in favor of a German forum.

In consideration of all of these factors and, in particular, because of the very limited connections between the parties and the underlying events involved with this case to this forum, it is appropriate under the doctrine of *forum non conveniens* to grant Defendants' motion to dismiss the case.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Determine the Substantive Law Applicable to This Case [30] is granted, and the substantive law applicable is German law. Additionally, Defendants' Motion to Dismiss for *Forum Non Coveniens* [28] is also granted, and this action is dismissed.

Date:  January 22, 2014

                                           JOHN W. DARRAH
                                         United States District Court Judge